(55 App. Div. 234.)

## PEOPLE v. HARTWELL.

(Supreme Court, Appellate Division, Third Department.  November 20, 1900.)

1. RECEIVING STOLEN GOODS—INDICTMENT—SUFFICIENCY.

An indictment charging accused with having feloniously received, on a certain date, property, knowing it to have been stolen, and describing the articles and naming the persons from whom they were stolen, is not demurrable, in stating the articles to have been stolen from different persons, since the receiving, which is the offense, is charged to have been at one time.

2. SAME—EVIDENCE.

On trial of an indictment for knowingly receiving stolen property, which charges that some of the articles received were stolen from a certain person, the latter's testimony is properly received to prove the stealing.

3. SAME.

On trial of an indictment for knowingly receiving stolen property, evidence as to the theft of certain of the property, which was subsequently found in accused's house, is admissible, as showing guilty knowledge of the theft.

4. SAME.

On a trial for knowingly receiving stolen property, a witness having stated that he found certain articles subsequently to accused's arrest, may state where he found them, where such articles were put in evidence, and shown to bear marks similar to other like articles found in a box about which accused had knowledge.

5. SAME.

In a criminal case, that the people's principal witness presided in the same court in the trial of a preceding case at the same term is not cause for reversal.

Merwin, J., dissenting.

Appeal from trial term.

Della Hartwell was convicted of knowingly receiving stolen property, and from an order overruling a demurrer to the indictment she appeals.  Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

H. C. & V. D. Stratton (H. C. Stratton, of counsel), for appellant.
Wordsworth B. Matterson, for the People.

KELLOGG, J.  The disposition by the county court of the demurrer, I think, was proper.  The indictment, read as a whole, charges the defendant, with others, with having on or about the 5th day of January, 1899, feloniously received stolen property, knowing it to have been stolen.  The articles are described, and the persons named from whom the same were stolen.  This is sufficiently specific, and it does not make the charge demurrable because these articles are stated to have been stolen from different persons.  The receiving is charged to have been at one time, and only one offense is alleged in the indictment.  The offense sought to be charged is for the receiving, not for the stealing.  The stealing from different persons constituted separate offenses, but the receiving the product of these separate offenses, when received at one time, is but a single offense.

The appeal from the judgment brings up the whole record of the trial in the county court for review here, and counsel for appellant

has carefully pointed out the matters in the record which he claims amount to reversible errors. It is urged that improper testimony was received. The case shows that defendant objected to the testimony of witness Abbie C. Lewis. The indictment charged that some of the articles received were stolen from this witness, and it became necessary for the people to prove such stealing. This would seem to dispose of the objection made to this testimony. Witness Newton, after stating that he found some silver knives and forks subsequent to the arrest of defendant, was asked where. This was objected to, and he was allowed to answer. It appears that these knives and forks were offered and received in evidence over defendant's objection, and were shown to bear marks similar to other like articles found in the box, about which there is some evidence that defendant had knowledge. The testimony of Newell in regard to the theft from him of a harness subsequently found in the house which defendant occupied was admissible on the grounds that made the testimony of Abbie Lewis admissible. So, also, was the testimony of Lucretia Rosebrook, although she is not one of those named in the indictment as a person from whom the property was stolen, except under the general language, "and of other persons, the names of whom are at this time to the grand jury unknown." But the charge of receiving stolen property is properly stated, I think, even if the name of the person from whom stolen is not given in the indictment and may be proven upon trial. But the objection does not call the attention of the court to this point. This testimony, in any event, as also the testimony of Jacob G. Reese and Cortney E. Ferris, was competent on another ground,—as being some evidence of guilty knowledge of the theft of the property actually found in the possession of defendant. Copperman v. People, 56 N. Y. 591; Coleman v. People, 58 N. Y. 555. The husband of this defendant stole the property, or at least brought the stolen property upon the premises occupied by the husband and wife. It was all stolen and brought there between September 15th and January 5th. It was, all, apparently at some time after it came upon the premises, where the defendant could see it. Considering their circumstances in life, and the actions of the husband, the manner in which this unusual assortment of property came to the house in which defendant lived, her intimate relations with the husband, and knowledge of his affairs and needs, might properly all be taken together, as bearing on the defendant's knowledge that when she received some of this property she knew it had all been stolen. While the prosecution of the wife of a thief, under the circumstances disclosed in this record, is unusual, the Criminal Code does provide for it. It is not difficult to see how a jury became convinced that the defendant well knew that all this property had been stolen by her husband; that she was in no way coerced; that she intended to enjoy the full benefit of the theft, and, so far as she was able, protect the thief against discovery and punishment. I do not see how the jury could have found otherwise upon this testimony, unless they had exercised a prerogative which does not belong to any other branch of the court, and had been moved by charity and sympathy to a verdict of ac-

quittal because of the sex of the defendant. The jury saw and heard the defendant as a witness in her own behalf. The charge of the learned judge who presided was clear and fair, and I see no good reason to interfere with the verdict. The fact that the principal witness for the people presided in the same county court in the trial of a case preceding this one at the same term I do not think was a circumstance which could have had any weight with the jury, nor is it legal cause for reversal.

I think the judgment should be affirmed. All concur, except MER-WIN, J., who dissents.